JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liubov Kokoreva,<br><br>    Petitioner,<br><br>v.<br><br>Unknown Party,<br><br>    Respondent. | No.  CV-25-01634-PHX-DLR (ASB)<br><br>**ORDER** |

Non-party Dmitrii Gukovskii has filed a Motion to Reopen Case (Doc. 7).  On May 14, 2025, Petitioner Liubov Kokoreva, an immigration detainee who was then confined in the Eloy Detention Center, filed a pro se Petition and Declaration for Writ of Habeas Corpus and a Request for Expedited Review.  Because Petitioner had since been transferred to the Prairieland Detention Center in Alvarado, Texas, in a June 30, 2025 Order, the Court transferred the Petition and this case to the United States District Court for the Northern District of Texas, Dallas Division.  That same day, the Northern District of Texas acknowledged receipt of the case.[1]

In his Motion, Gukovskii, Petitioner's spouse, states that Petitioner has been moved back to the Eloy Detention Center.  He asks the Court to reconsider jurisdiction over this case and, if appropriate, initiate return of the case from the Northern District of Texas.  The

---

[1] According to the docket in Petitioner's case in the Northern District of Texas, on July 2, 2025, the district court ordered the United States to file an answer, motion, or other response to the Petition by August 1, 2025.  *See Kokoreva v. Unknown Party*, 3:25-cv-01700-K-BN (N.D. Tex. 2025).

Court will deny the Motion.  First, the Court no longer has any authority over the Petition and cannot initiate its return from the Northern District of Texas.  Second, Gukovskii may not file any motions on behalf of Petitioner.  Gukovskii is not an attorney and therefore may not represent Petitioner, *see C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (while a non-attorney may represent himself, he has no authority to appear as an attorney for others), and he did not file the Petition on Petitioner's behalf as a next friend, *see Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) ("[A] 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on [her] own behalf to prosecute the action") (citation omitted).  Gukovskii must not file any additional motions or other documents in this closed case.

**IT IS ORDERED:**

(1)   Non-party Dmitrii Gukovskii's Motion to Reopen Case (Doc. 7) is **denied**.

(2)   This case must remain **closed**.

Dated this 14th day of July, 2025.

_____
Douglas L. Rayes
Senior United States District Judge